CLERK'S OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
AUG 16 2006
JOHN R. CORCORAN, CLERK
BY: DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
## CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PAMELA DOTSON, *Plaintiff,* | CIVIL ACTION No. 3:04cv10099 |
| v. | ORDER AND OPINION |
| LERLA GEORGETTE JOSEPH, ET. AL. *Defendants.* | JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendants' motion to bifurcate, filed on August 4, 2006. Defendants move to bifurcate Plaintiff's Section 1983 and state law medical negligence claims under Federal Rules 21 and 42(b), arguing that the standards for qualification of expert witnesses, the applicable standards of proof, the defenses to the claims, the damages obtainable, and the jury instructions are all different as between the two claims. Therefore, Defendants argue, the jury is likely to be confused and may decide a claim based on testimony, evidence, or law inapplicable to that claim.

Federal Rule 42(b) provides that a court may order separate trials in furtherance of convenience or to avoid prejudice, or where separate trials will be conducive to expedition and economy. None of these rationales applies in this case. Because the two claims arise from the same events, the same witnesses will be required to testify on each claim, and ordering separate

1

trials would create unnecessarily duplicative proceedings. Nor is prejudice to Defendants a substantial concern. There is nothing unusual in trying several claims in the same proceeding, and jurors can be instructed on the applicable law, defenses, and damages for each claim. Further, even if the experts in this case are qualified to testify only on one of Plaintiff's claims and not the other, the jury is unlikely to be confused if given appropriate instructions regarding the proper consideration of expert testimony.

Federal Rule 21 also provides for the severance of claims, and a district court has broad discretion in ruling on such severance. *Jonas v. Conrath*, 149 F.R.D. 520, 523 (S.D.W.Va. 1993). Although the rule specifies no particular standard, severance is generally considered appropriate where the claims at issue do not arise out of the same transaction or occurrence or do not present some common question of law or fact. *Id.* Because Plaintiff's claims arise from the same events, the Court therefore determines that severance is not appropriate under Rule 21. Defendants' motion to bifurcate is therefore DENIED.

It is so ORDERED.

The Clerk is hereby directed to send a copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

*August 16, 2006*
Date