CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED

AUG 18 2006

JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| PAMELA DOTSON, <br><br> *Plaintiff,* <br><br> v. <br><br> LERLA GEORGETTE JOSEPH, ET. AL. <br><br> *Defendants.* | CIVIL ACTION NO. 3:04cv10099 <br><br><br> ORDER AND OPINION <br><br><br> JUDGE NORMAN K. MOON |

This matter is before the Court on the Defendants' motion to reconsider, filed on August 17, 2006. This motion is hereby DENIED.

Defendants argue that reconsideration is appropriate and that their motion to bifurcate should be granted because, although the causes of action at issue arise from the same set of events and the witnesses will be the same, the claims, defenses, supporting facts, and evidence to each claim will be different. Further, they argue that evidence introduced against Defendant Joseph on the Section 1983 claim may "poison the jury against her" on the state law medical negligence claim.

As noted in the Court's earlier order, Rule 42(b) provides that a court may order separate trials in furtherance of convenience or to avoid prejudice, or where separate trials will be conducive to expedition and economy. The use of separate trials is not the usual course in a

1

lawsuit, however. *Response of Carolina, Inc. v. Leasco Response, Inc.*, 537 F.2d 1307, 1323-24 (5th Cir. 1972); 9 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2388 (2d ed. 1995). Here, the Court is not persuaded that the concerns addressed by the rule would be served by ordering separate trials. The same witnesses will be required to testify on both claims, and both claims arise from the same set of events; therefore, ordering separate trials seems unlikely to create any savings of time or expense. Further, the potential for prejudice arising from different claims, for different injuries, entitling Plaintiff to different damages, may be cured by appropriate jury instructions. *See R.E. Linder Steel Erection Co., Inc. v. Wedermeyer, Cernik, Corrubia, Inc.*, 585 F. Supp. 1530, 1534 (D. Md. 1984). Indeed, the law presumes that juries will understand and follow instructions. *Richardson v. Marsh*, 481 U.S. 200, 211 (1987). The fact that the Section 1983 claim requires a showing of deliberate indifference while the state law claim requires an objective showing of negligence is not so likely to prejudice Defendants that separate trials must be ordered.

Defendants cite *Bruton v. United States*, 391 U.S. 123, 127 (1968), for the proposition that jury instructions may not erase the prejudice created when a jury has heard inadmissible evidence. *Bruton* is inapposite to this case, however; *Bruton* addressed the admission of a co-defendant's confession in a criminal trial and its implications for the Confrontation Clause of the Sixth Amendment. The Confrontation Clause creates specific protections for criminal defendants which are not applicable in civil cases, and further, parties in civil cases are not subject to the same burdens and protections as the participants in criminal cases. Although the Court is aware of the potential for jury confusion arising from the trial of different claims with different standards in the same proceeding, the Court nonetheless finds that any potential difficulties can

be cured by properly instructing the jury. There is nothing unusual about trying separate claims together, and while the Court is sensible to Defendants' concerns, they do not justify the extra expense, delay, and time that would result from ordering separate trials.

Further, although Rule 21 permits severance, the trial court has discretion in determining whether severance is appropriate. For the reasons stated above, the Court is unpersuaded that it is. Accordingly, Defendants' motion for reconsideration is DENIED.

It is so ORDERED.

The Clerk is hereby directed to send a copy of this Order to all counsel of record.

ENTERED: *[signature]*
U.S. District Judge

*August 18, 2006*
Date

3